The opinion of the Court was delivered by
Gibson J.
There is no doubt that in England an infant’s dower may be barred by an equitable, as well as a legal, jointure, even though the settlement be of personal estate. In Drury v. The Earl of Buckinghamshire, (usually cited as *311 Drury v. Drury,) 5 Bro. P. C. 570, a covenant to settle an annuity was held to be a bar, although no lands were charged, hut the Court set apart a particular portion of the personal estate as a fund for payment: and a settlement of stock and leasehold estate has since been held equivalent to a jointure. Williams v. Chitty, 3 Ves. 545. The fact of the feme having been an infant at the time of the marriage, is altogether inoperative; for a jointure derives its efficacy as a bar, not from any supposed contract or assent of the. feme, but by the positive provisions of the stat. 27 H. 8. c. 10. s. 6. which makes no distinction as to age. A jointure will, therefore, be available in the case of an infant, wherever it would be so in the case of an adult. The case of Drury v. Drury, seems to have been misunderstood, particularly in 1 Powell on Contracts, 53, where it is said that, as a consequence of the decision, a feme infant, may wave her dower by an agreement entered into on her marriage; but it appears, that both Lord Mansfield and Lord Hardwicke, without contradiction in this particular from the other Judges, who coincided in the scope of their opinion, entirely discarded the assent of the wife as an operative circumstance, and founded themselves on a jointure being a bar a provisions viri, and not ex contractu; and subsequent decisions have fully established the same principle. But the note appended to Caruthers v. Caruthers, (4 Bro. Ch. Rep. 506,) which contains the first report of Drury v. Drury,* that was published, did not appear till a short time after the publication of Mr, PowelPs treatise, who seems to be inaccurately informed of the grounds of the decision. Chancery has, however, gone beyond the statute. That a settlement of a trust estate, should, in equity, be considered equally as beneficial and certain as a legal estate, or that a covenant to settle lands should be equivalent to an agreement executed, was to be expected : but that a settlement of personal estate should be held available, when the statute speaks only of land, is evidence that the doctrine holds, not by force of the statute, but in analogy to it. Whether such a settlement would be a bar with us, who have no court of chancery, I pretend not to decide, being determined to say nothing in prejudice of the question whenever it shall arise. It would at present be unnecessary ; for in the case of personalty the analogy must hold throughout; and, as the feme must *312 have a freehold, there is no reason to say a gross sum, which was to be received as a consideration for having executed a bond, shall be considered as a provision settled on the feme in lieu of dower. But there was, in fact, no settlement by the husband, who did not execute any agreement, or bind himself, or his representatives. There was nothing but the bond of the wife conditioned for the release of her dower, in consideration of five hundred dollars to be paid by the husband’s executors ; and it is settled, a jointure is not a contract by the wife for a provision, but an actual provision by the husband. What is there, then, in the case, but a naked contract by an infant in expectation of marriage, with the advice and consent of her parent and guardian, which, notwithstanding the opinion that seems to have been entertained in Cannel v. Buckle, (2 P. Wins. 242,) and in Harvey v. Ashley, (3 Atk. 615,) is now finally settled to be altogether insufficient to bind her real estate, except perhaps in favour of the issue where they are purchasers : and which she may, at the death of her husband, if she has then come of age, confirm or avoid at her election. It is argued, that the bond operated as an implied covenant of the husband; but I know of no case to that effect; and if it were so, an agreement to settle an annuity might be implied in every case, and thus the infant’s naked agreemerit would always bind her indirectly. Then taking the contract to have been voidable, there is on these pleadings no act of confirmation by the feme herself, who was still an infant when she received the five hundred dollars. The question, therefore, is, whether the contract has been confirmed by her present husband, since her marriage with him. The matter of confirmation contained in the defendant’s second plea, which would answer an allegation of infancy only when it should be made, and which was doubtless intended to do so here, was pleaded atan improper time, and should have been reserved for the rejoinder to the plaintiff’s replication, before which, the ground of infancy could not be disclosed. The demurrer, therefore, to that plea, which was an answer to nothing that had been alleged before it was pleaded, but which was meant to anticipate something expected to be alleged afterwards, might be sustained at all events. But I choose to give the facts alleged, their full operation; and I admit, that confirmation by the husband woxxld bind both him and his wife during the coverture, as was held by Lord Hardwicke in the afore-mentioned case *313 of Harvey v. Ashley, where the husband, having made a jointure during the coverture, which is voidable at the election of the feme, died, leaving the wife an infant, who married again without having determined her election ; and the second husband having entered on the jointure estate, it was held to be a confirmation as to both during the coverture. The second husband, therefore, has the same election, as far as his own interest is concerned, as the wife would have had, if she had remained sole. Here the ground of confirmation is, “ that the five hundred dollars so as aforesaid received by the said Margaret have, since her intermarriage with the said fames, been applied and appropriated, by the said fames, to his own proper use.” Then giving this matter its utmost effect, it is clear, that unless he knew the five hundred dollars were the identical money received as the consideration of the bond, and intended, when he used it, to ratify the contract, nothing of which is stated, the act of using the money would not, per se, amount to a determination of his election. But it is said, the plaintiffs cannot, at all events, recover in this suit while they retain the money received, which should have been refunded or tendered before the action was commenced. But this is not like those cases where chancery, which can prescribe the conditions on which it will interfere, compels the plaintiff to do equity before it affords him relief. A court of common law can impose no conditions on a party pursuing a legal right; and here the plaintiffs are claiming nothing from the chancery powers of the Court, but stand upon a legal title sufficient to enable them to recover. I grant that equity will sometimes, on matter appearing on the face of the contract, relieve against, or controul, a legal right arising from a special provision of the contract itself; as in the case of a mortgage or penalty, or a right of entry for nonpayment of rent; but these form a class of cases depending ou principles very different from those involved in the case before us. If the defendant has a right to have the money refunded, it cannot be enforced in this action : he must pursue his claim in the usual way. We are of opinion, that the judgment in favour of the defendant be reversed, and that judgment be entered for the plaintiff.
Judgment reversed, and judgment entered for the plaintiff.

 The best report of Drury v. Drury is to be found, 2 Eden’s Rep. 39.